**William ROBSON, Plaintiff,**

v.

**R & R FUR COMPANY, and Richard Olson, Defendants.**

**Civ. A. No. 89–2390–0.**

United States District Court, D. Kansas.

March 16, 1990.

Stan Wilkins, Turner and Boisseau, Chartered, Overland Park, Kan., for plaintiff.

Richard Olson, pro se.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff William Robson's timely motion for reconsideration of the court's order of November 28, 1989, granting plaintiff's motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and denying plaintiff's motion for delivery of property pursuant to K.S.A. 60–1005. Since defendant has failed to file a response, the court has decided the motion as an uncontested motion pursuant to Local Rule 206(g).[1] For the following reasons, plaintiff's motion for reconsideration is granted.

Plaintiff originally filed this action in state court pursuant to K.S.A. 60–1005, seeking the return of animal skins transferred to the defendants, R & R Fur Company and Richard Olson under a consignment agreement. Subsequently, the case was removed to this court pursuant to 28 U.S.C. § 1446(c). On October 24, 1989, this court granted plaintiff's motion for a temporary restraining order. On November 28, 1989, after a hearing on plaintiff's motion for preliminary injunction or, in the alternative, for an order of replevin pursuant to K.S.A. 60–1005, the court granted the motion for preliminary injunction, enjoining the defendants from directly or indirectly using, selling, transporting, altering, conveying or doing anything to depreciate the value of the raccoon, beaver and mink skins, which were transferred by plaintiff to defendants. Plaintiff's replevin motion was denied.

In his instant motion, plaintiff moves the court to reconsider its ruling of November 28, 1989, contending that on the basis of the testimony at the preliminary injunction hearing, all the elements necessary to grant the replevin motion were present and that, under the facts and circumstance of this case, replevin was the most appropriate remedy. We agree.

K.S.A. 60–1005(b) provides that the court may enter an order for delivery of property "if the judge is satisfied as to the probable validity of plaintiff's claim and that delivery of the property to the plaintiff is in the interest of justice and will properly protect the interests of all the parties."[2] K.S.A. 60–1005(b). In reviewing the findings of fact of the November 28, 1989, order, the court notes that all elements necessary for the entry of an order of delivery of property are present.

First, the probable validity of plaintiff's claim was satisfied by the court's findings of fact that (1) the raccoon, beaver and mink skins in question were transferred to the defendant pursuant to an oral consignment agreement under which title would remain in the plaintiff; (2) during 1989, the defendant refused plaintiff's numerous requests for return of the skins; (3) defendants had breached the consignment agreement by neither tendering to plaintiff profit from the sale of the skins, nor returning the unsold skins on demand by plaintiff; and (4) allowing defendants full control of the skins during the pendency of the action

1. Plaintiff's original motion to reconsider was timely filed in December 8, 1989. On March 7, 1990, plaintiff filed a motion styled "Supplemental Memorandum in Support of Plaintiff's Motion to Reconsider." Since this supplemental memorandum was filed out of time pursuant to Local Rule 206, the court has not considered it when ruling upon the motion at bar. On March 13, 1990, defendant filed a motion styled "Supplemental Memorandum Against Motion To Reconsider." Determining that this motion may be regarded either an untimely response to plaintiff's original motion or a response to plaintiff's untimely supplemental memorandum, the court concludes that in either case, it may not consider its contents when ruling on the instant motion.

2. It is undisputed that plaintiff procedurally complied with K.S.A. 60–1005 by filing the required affidavit and by filing a bond in the amount of $30,000. K.S.A. 60–1005(a) and (b).

would increase the risk of destruction, damage or disappearance of the skins, so that plaintiff would be unable to reclaim them if he prevailed.

Second, on the basis of a review of defendants' testimony at the preliminary injunction hearing, it is now clear that the interest of justice, as well as the interests of both parties, would be better served by transferring the possession of the skins to the plaintiff. Accordingly, plaintiff's motion for reconsideration is granted.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration is granted.

IT IS FURTHER ORDERED that plaintiff's motion for replevin pursuant to K.S.A. 60–1005 is granted. The court's order of November 28, 1989, granting plaintiff's motion for a preliminary injunction shall remain in effect until delivery of the property is accomplished at which time the preliminary injunction will be dissolved.

IT IS FURTHER ORDERED that, pursuant to K.S.A. 60–1005, the Sheriff of Bourbon County is directed to take immediate possession of all raccoon, beaver and mink skins transferred by plaintiff to defendants and which are located at the defendants' warehouse in Mapleton, Kansas, and any other furs which were delivered to defendants by plaintiff and that are in control and custody of the defendants and located in the State of Kansas, as more specifically set out in the accompanying order. The security already provided by plaintiff shall continue in effect.

IT IS SO ORDERED.

### ORDER FOR DELIVERY OF PROPERTY

Pursuant to the court's order of March 14, 1990, granting plaintiff's motion for replevin, and pursuant to K.S.A. 60–1005, the court hereby orders the Sheriff of Bourbon County to take immediate possession of all raccoon, beaver and mink skins transferred by plaintiff, William Robson, to defendants, Richard Olson and R & R Fur Co., and which are located at the defendants' warehouse in Mapleton, Kansas, and any other furs which were delivered to defendants by plaintiff and that are in control and custody of the defendants and located in the State of Kansas.

The court further directs the sheriff to deliver these skins within twenty-four (24) hours to the custody of plaintiff's counsel and to make an order of return, including an inventory of the number of skins seized, to the clerk of the court within ten (10) days after delivery.

IT IS SO ORDERED.